People v Baez (2025 NY Slip Op 00175)

People v Baez

2025 NY Slip Op 00175

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind Nos. 4883/17 2712/18 Appeal No. 3452 Case No. 2020-00890 

[*1]The People of the State of New York, Respondent,
v
Juan Zubiaga Baez, Defendant-Appellant. 

Twyla Carter, The Legal Aid Society, New York (Mariel Stein of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J., at suppression hearing; Steven Statsinger, J., at plea and sentencing), rendered November 12, 2019, convicting defendant of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.
Defendant's waiver of his right to appeal was invalid. The court's colloquy was deficient because the court failed to confirm that the written waiver was translated into Spanish for defendant (see People v Pelaez, 100 AD3d 803, 803 [2d Dept 2012], lv denied 21 NY3d 945 [2013]), incorrectly stated that defendant waived his right to challenge the sentence, and failed to confirm on the record that defendant understood the rights he was waiving (see People v Bradshaw, 18 NY3d 258, 265 [2011]).
However, in light of all of the facts, the warrantless entry into the apartment was justified by exigent circumstances (see People v McBride, 14 NY3d 440, 445 [2010], cert denied 562 US 931 [2010]). An informant, who had just been arrested in possession of a large quantity of heroin, told police that there was a significant quantity of narcotics in the apartment, and that if he did not return promptly, the narcotics would be destroyed and the apartment occupants would flee (see People v Mojica-Sanchez, 90 AD3d 488, 489 [1st Dept 2011], lv denied 18 NY3d 960 [2012]). Additionally, testimony at the hearing established that obtaining a warrant at night would have taken several hours (see id.).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025